Raymond BELTRAN & David
Romo, Appellant,

v.

The STATE of Texas, Appellee.

No. 58905.

Court of Criminal Appeals of Texas,
Panel No. 2.

Jan. 30, 1980.

Walter F. Splawn, Austin, for Beltran.

Eric R. Borsheim, Austin, for Romo.

Ronald D. Earle, Dist. Atty., Don Keith, and Bill White, Asst. Dist. Attys., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for arson. V.T.C.A. Penal Code, Sec. 28.02. After finding appellant guilty,[1] the jury assessed punishment at 14 years.

Prior to the instant offense, appellant had been incarcerated in the Travis County Jail. On the morning of January 18, 1977, appellant and several other prisoners were transferred from the Travis County Jail to the Austin City Jail. Appellant was assigned to Cell 3 of Cell Block Number 7.

Steve Geron, a city jailer, testified that he arrived for duty at the jail at 3:00 p. m. Geron related that many of the prisoners were voicing loud complaints about the condition of the jail. Lt. Lowell Morgan, of the Austin Police Department, testified that at 6:40 p. m. he observed appellant and three other prisoners walk in unison from the day room to their cells. Approximately 30 seconds after appellant entered his cell, Morgan saw a large wad of flaming toilet paper fly from a cell other than appellant's. Immediately thereafter, burning wads of toilet paper were tossed from appellant's cell and two other cells. Blankets were then tossed out of various cells toward the area where the paper had been thrown.

Sammy Russell, a jailer, related that he also observed the burning material fly from the individual cells. He stated that appellant and three other prisoners left their cells, took the blankets and began pushing the flaming wads into a pile. He saw appellant holding blankets over the foot high blaze in an effort to ignite them. Appellant was repeatedly yelling, "Start a fire." He tried to prevent the jailers from extinguishing the fire by sheltering it from the fire hose with a mattress. Tony Hipolito, a city jailer, ran to the cell block when he heard the commotion. He heard appellant call out, "Let's burn this place." Hipolito later discarded several burned blankets.

In his first ground of error, appellant challenges the sufficiency of the evidence to prove an element of the offense. He maintains that the evidence is insufficient to show an intent to damage or destroy a building.

Sec. 28.02, supra, provides in pertinent part:

"(a) A person commits an offense [arson] if he starts a fire or causes an explosion:

"(1) without the effective consent of the owner and *with intent to destroy or damage the owner's building* or habitation." [Emphasis added.]

Thus, the statute requires that appellant acted with the specific intent to damage or destroy the building. A person acts intentionally with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. V.T.C.A. Penal Code, Sec. 6.03(a). Intent can be inferred from the acts, words and conduct of the accused, though in an arson case it cannot be inferred from the mere act of burning. *Miller v. State*, Tex.Cr.App., 566 S.W.2d 614.

The evidence shows that appellant attempted to enlarge the fire by adding a blanket to it. Appellant encouraged others to start fires and to "burn this place." He attempted to prevent efforts by jail personnel to extinguish the blaze. We find that the evidence is sufficient to establish that appellant intended to damage or destroy the building.

Appellant places great emphasis on the fact that the building was constructed of nonflammable materials. He argues that intent to damage or destroy cannot be inferred unless the building is made of flammable materials. Appellant overlooks the fact that the statute reads "*damage* or destroy" [Emphasis added]. Material need not be combustible to be damaged by fire. A fire may produce scorching and smoke damage without igniting the surrounding materials. Furthermore, the Legislature

1. Appellant was jointly indicted and tried with David Romo under the provisions of Art. 36.09, V.A.C.C.P. See, *Romo v. State*, 593 S.W.2d 690 (this day decided.)

removed the requirement under prior law that the building be ignited in fact. The present statute makes the offense complete whenever the actor starts a fire with the requisite culpable mental state, whether or not damage of any kind actually occurs. See, Searcy and Patterson, Practice Commentary, Sec. 28.02, supra.

In his second ground of error, appellant contends that the trial court erred in admitting hearsay into evidence. He maintains that the name "Raymond H. Beltran" written across the front of a partially burned copy of jail rules, constituted hearsay. He argues that the name should have been excised from the book before it was admitted into evidence.

An extrajudicial writing may be admitted as circumstantial evidence from which an inference may be drawn, and not for the truth of the matter stated therein, without violating the hearsay rule. *Gholson v. State*, Tex.Cr.App., 542 S.W.2d 395. In *Haynes v. State*, Tex.Cr.App., 475 S.W.2d 739, the defendant contended that hearsay was improperly admitted when a police officer testified that an envelope addressed to the defendant was found in the same cardboard carton in which marihuana was found. In finding the testimony not to be hearsay, the Court noted that the testimony related only to the fact that such an envelope was found, and not to the truth of the matter stated therein. *Haynes v. State*, supra at 742.

In the instant case, the burned book was admissible as evidence of the fire. The book's contents and any writing thereon were not admitted for the truth of the matter stated, but, rather related only to the fact that the book was found in the jail following the fire. We find that the trial court did not err in admitting the book into evidence over appellant's hearsay objection. Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the court erred in not admitting the testimony of Sergeant Sigler, of the Austin Police Department, who would have testified that he made a recommendation that charges of criminal mischief be filed against appellant. We find this contention to be without merit. Such testimony would not have been relevant to an issue in the case, nor, would such a recommendation have been binding on the District Attorney's Office or the grand jury which returned the indictment.

The judgment is affirmed.