NUMBER 13-99-316-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


BENITO GONZALES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the County Court of Willacy County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 The trial court found appellant, Benito Gonzales, guilty of the
misdemeanor offense of terroristic threat(1) and assessed his punishment
at thirty days in the county jail. The sentence was suspended, and
appellant was placed on community supervision for one year. By two
points of error, appellant contends the evidence was legally and
factually insufficient. We affirm.

 On August 21, 1997, appellant went to Abigail Alvarado's
apartment in Willacy County. Alvarado was in the doorway of her
apartment. Appellant parked outside the apartment, but did not leave
his vehicle. Appellant was approximately eight feet from Alvarado. 
When Alvarado asked appellant what he wanted, he began using
profane language. Alvarado testified that appellant then started
threatening her, saying he was "going to kill everybody," that he was
"going to return back and kill everybody," and that she needed to "be
careful." Appellant then left and Alvarado called the police.

A. Legal Sufficiency


 By his first point of error, appellant contends there was no
evidence that he intended to place Abigail Alvarado and her family in
fear of imminent serious bodily injury. Specifically, appellant argues
there was no evidence of imminent serious bodily injury. 

 In reviewing a legal sufficiency of the evidence claim, we view all
the evidence in the light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319 (1979); Patrick v. State, 906 S.W.2d 481, 486 (Tex.
Crim. App. 1995); Turro v. State, 868 S.W.2d 43, 46-47 (Tex. Crim.
App. 1993); Arceneaux v. State, 803 S.W.2d 267, 269 (Tex. Crim. App.
1990); Rosillo v. State, 953 S.W.2d 808, 811 (Tex. App.--Corpus Christi
1997, pet. ref'd).

 For this particular case, the elements necessary for terroristic
threat are: (1) a person, (2) threatens to commit any offense involving
violence to any person or property, (3) with intent to place any person
in fear of imminent serious bodily injury.(2)
 See Tex. Pen. Code Ann. §
22.07 (a)(2) (Vernon 1994). 

 In order to commit the offense of terroristic threat, the accused
must intend to place the victim in fear of imminent serious bodily injury. 
Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim. App. [Panel Op.] 1982). 
A person acts intentionally with respect to the nature of his conduct or
to a result of his conduct when it is his conscious objective or desire to
engage in the conduct or cause the result. Tex. Pen. Code Ann. § 6.03(a)
(Vernon 1994). 

 Appellant argues that Alvarado never testified she was placed in
fear of imminent serious bodily injury. He states that "Alvarado's
testimony reflects that appellant left after making the statement, thus
apparently contradicting any intent to place anyone in fear of imminent
serious bodily injury."

 The accused's intent, however, cannot be determined merely from
what the victim thought at the time of the offense. Dues, 634 S.W.2d
at 305. Section 22.07 does not require the victim or anyone else
actually to be placed in fear of imminent serious bodily injury. See id. 
All that is necessary to complete the offense is that the accused, by his
threat, sought as a desired reaction to place a person in fear of
imminent serious bodily injury. Id. at 306. 

 Intent can be inferred from the acts, words, and conduct of the
accused. Beltran v. State, 593 S.W.2d 688, 689 (Tex. Crim. App. 1980). 
Appellant, although he remained in his car, was within a few feet of
Alvarado, yelling profanities and telling her that he was "going to kill
everybody." He then told Alvarado "to be careful," and that he was
"going to return back and kill everybody."

 Appellant contends that because Alvarado testified she did not
know at what point in the future appellant was to return, there is no
showing of an intent to place her in fear of imminent serious bodily
injury. We disagree.

 It is immaterial whether appellant had the ability or the intention
to carry out his threat. Dues, 634 S.W.2d at 306. All that is required
is that he intended to arouse fear of imminent serious bodily injury. 
Jarrell v. State, 537 S.W.2d 255, 255 (Tex. Crim. App. 1976). Imminent
has been defined as meaning "near at hand; mediate rather than
immediate; close rather than touching; impending; on the point of
happening; threatening; menacing; perilous." Devine v. State, 786
S.W.2d 268, 270 (Tex. Crim. App. 1989).

 Appellant's warning to Alvarado that she should "be careful,"
coupled with his threat "to return back and kill everybody," is sufficient
to establish that appellant intended to place Alvarado in fear of
imminent serious bodily injury. Simply because Alvarado did not know
when appellant was to return does not dismiss appellant's intention to
arouse Alvarado's fear of imminent serious bodily injury. Alvarado even
testified that she went for help because she felt appellant was coming
back later. The trial court could rationally infer from appellant's words
and the manner in which they were spoken to Alvarado that the
threatened harm was impending and that appellant intended Alvarado
to fear imminent serious bodily injury.

 Appellant further contends the State did not prove he threatened
to kill Alvarado and her family, as stated in the information. He asserts
the State failed to present any evidence that Alvarado's family heard the
alleged threat or that her family was placed in fear of imminent serious
bodily injury.

 Alvarado testified that when appellant arrived, she was at home
with her children. Alvarado also said appellant told her he was going
to "kill everybody." The presence of Alvarado and her family at their
home at the time appellant told her that he was going to "kill
everybody" is sufficient to establish that appellant's threat intended to
place Alvarado and her family in fear of imminent serious bodily injury. 
Section 22.07 does not require that Alvarado's family was actually
placed in fear of imminent serious bodily injury. See Dues, 634 S.W.2d
at 305.

 Thus, by appellant's repeated threat to "kill everybody," the trier
of fact could rationally infer that appellant intended to place Alvarado
and her family in fear of imminent serious bodily injury. Appellant's first
point of error is overruled.

B. Factual Sufficiency


 By his second point of error, appellant contends the evidence was
factually insufficient to prove that he intended to place Alvarado and her
family in fear of imminent serious bodily injury.

 When we review a factual sufficiency of the evidence point of
error, we review all of the evidence and set aside the verdict only if it is
so against the overwhelming weight of the evidence that it is manifestly
unjust and clearly wrong. Clewis v. State, 922 S.W.2d 126, 133-34
(Tex. Crim. App. 1996); Rosillo, 953 S.W.2d at 813. Under a factual
sufficiency review, we are not bound to view the evidence in the light
most favorable to the prosecution. Stone v. State, 823 S.W.2d 375, 381
(Tex. App.--Austin, pet. ref'd, untimely filed). Rather, we are free to
consider the testimony of all witnesses. Id. In performing our review,
we are to give "appropriate deference" to the fact finder. Clewis, 922
S.W.2d at 136.

 Appellant went to Alvarado's home, yelled profanities at her, and
told her that he was going to kill everybody. Even though appellant
drove away in his car, Alvarado was so frightened by appellant's threats
that she called the police.

 Appellant did present evidence that Alvarado's husband had
purchased a vehicle from him which Alvarado's husband allegedly had
not paid for in full. It appears that appellant is using this allegation to
establish the reason for his presence at Alvarado's home. Although
evidence of Alvarado's husband's debt may be deemed relevant, it does
not negate the fact that Alvarado feared that appellant was going to kill
her and her family, and appellant intended to place Alvarado in fear of
imminent serious bodily injury when he threatened to kill everybody.

 After considering all of the evidence, we conclude that the verdict
is not so against the overwhelming weight of the evidence that it is
manifestly unjust or wrong. Appellant's second point of error is
overruled.

 The judgment of the trial court is affirmed.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

the 17th day of August, 2000.


1. Tex. Pen. Code Ann. § 22.07 (Vernon 1994).
2. Section 22.07 provides:


§ 22.07. Terroristic Threat


(a) A person commits an offense if he threatens to commit any
offense involving violence to any person or property with intent to:


 (1) cause a reaction of any type to his threat by an official or
volunteer agency organized to deal with emergencies;

 (2) place any person in fear of imminent serious bodily injury; 
or

 (3) prevent or interrupt the occupation or use of a building; 
room; place of assembly; place to which the public has
access; place of employment or occupation; aircraft,
automobile, or other form of conveyance; or other public
place; or

 (4) cause impairment or interruption of public
communications, public transportation, public water, gas,
or power supply or other public service.


(b) An offense under Subdivision (1) or (2) of Subsection (a) is a Class
B misdemeanor. An offense under Subdivision (3) of Subsection
(a) is a Class A misdemeanor. An offense under Subdivision (4)
of Subsection (a) is a felony of the third degree.


Tex. Pen. Code Ann. § 22.07 (Vernon 1994).