# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00128-CR

**Leroy Manning, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
## NO. 2022703, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Leroy Manning was convicted after a bench trial of attempted sexual assault and sentenced to eight years' imprisonment. *See* Tex. Pen. Code Ann. § 15.01 (West 2003), § 22.011 (West Supp. 2004). On appeal, Manning challenges the legal and factual sufficiency of the evidence to support the specific-intent element of the offense. We will affirm the trial court's judgment of conviction.

Manning was at the emergency room of Brackenridge Hospital on July 12, 2002, to get some Haldol medication, which he takes to control his schizophrenic paranoia. He arrived at the hospital wearing only a loose pair of jeans, without any shoes or a shirt. He was whispering a lot and wandering around. While Manning waited for his medication, an emergency room nurse, Lori Whittaker, asked Manning to accompany her to a closet where the hospital kept extra clothing so that they could find something more suitable for him to wear.

Whittaker testified that she entered the closet, and Manning followed her in. As Whittaker held up a pair of pants to see if they would fit Manning, he turned away from her, closed the door, removed his erect penis from his pants, and turned back towards Whittaker. Manning then moved towards Whittaker, backing her up against the wall, pressing against her mid-section with his exposed penis, and inserting his fingers into the waistband of her pants. Manning was whispering incoherently or inaudibly throughout the closet incident.

Whittaker began screaming for help. Within seconds, a hospital employee entered the closet and removed Manning, who did not struggle or attempt to flee. Some minutes later, a police officer arrived and arrested Manning. The officer also attempted to adjust Manning's pants to cover his still exposed penis. Whittaker testified that Manning did not appear to be violent or angry at any point in the episode and that he had appeared confused while waiting for his medication, wandering about the hospital. She also testified that Manning was able to follow commands.

At trial, Manning testified that he did not remember any portion of the alleged incident, the individuals involved, or even going to Brackenridge the day in question. Instead, he remembered going to get medication from a different hospital on that day.[1] Manning did not present testimony from his treating physicians at Shoal Creek Hospital or introduce any evidence about his

---

[1] It is not clear from the record whether Manning was on his medication that day. He was asked on cross-examination, "Do you recall, Mr. Manning, on the date alleged in the indictment, July 12th of this year, whether or not you were on your medication?" He replied, "I was on medication, but I had just got out of Shoal Creek Hospital. I had went out to Shoal Creek that day and I was coming back to go to this friend's house I was living at, at Jay Jay's home to get the prescription for it. I couldn't get no medicine without the prescription." He earlier testified that he was trying to get his medicine on July 12.

2

illness specifically or about schizophrenia generally, such as its effect on an affected individual's ability to comprehend or control his actions or the effects of the illness going untreated; he also did not pursue an insanity defense.

On appeal, Manning asserts that his conviction must be reversed because the evidence is legally and factually insufficient to support the requirement of the offense that he *knowingly or intentionally* attempted to cause the penetration of Whittaker's sexual organ. *See* Tex. Pen. Code Ann. §§ 15.01, 22.011. A person acts intentionally with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. *Id.* § 6.03(a) (West 2003). A person acts knowingly with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist; he acts knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.* § 6.03(b).

Manning argues that due to his mental illness he was not functioning normally on July 12th and therefore could not have knowingly or intentionally attempted to commit the offense. He cites the following evidence in the record as support: he appeared confused on the day of the incident, he was not violent towards Whittaker, he mumbled incoherently, he wandered about the hospital awaiting his medication, and he wore ill-fitting clothing. The State rejoins that despite this evidence, Manning's intent to commit sexual assault can be inferred from his acts and conduct. *See Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995) (citing *Beltran v. State*, 593 S.W.2d 688, 689 (Tex. Crim. App. 1980)); *Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991) (jury may infer intent from any facts that tend to prove its existence, such as acts, words, and conduct

3

of defendant).  Intent is most often proven through the circumstantial evidence surrounding the crime.  *Hernandez*, 819 S.W.2d at 810.

When reviewing the legal sufficiency of the evidence, we look at all the evidence in the light most favorable to the verdict to determine whether a rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  This standard of review is also applicable to bench trials.  *See Diaz v. State*, 902 S.W.2d 149, 151 (Tex. App.—Houston [1st Dist.] 1995, no pet.).  In a bench trial, the trial court is the trier of fact and the judge of the credibility of the witnesses and the weight to be given their testimony; the trial court is free to accept or reject any or all of any witness's testimony.  *See Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995); *Wicker v. State*, 667 S.W.2d 137, 141 (Tex. Crim. App. 1984), *cert. denied*, 469 U.S. 892 (1984).  The appellate court's duty is not to re-weigh the evidence from reading a cold record, but to act as a due-process safeguard ensuring only the rationality of the fact-finder.  *Williams v. State*, 937 S.W.2d 479, 483 (Tex. Crim. App. 1996).  Any inconsistencies in the evidence should be resolved in favor of the verdict.  *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

Viewing all the evidence in the light most favorable to a finding of guilt, we conclude that a rational fact-finder could have found that Manning knowingly or intentionally attempted to commit sexual assault beyond a reasonable doubt.  Manning followed Whittaker into the closet, closed the door, removed his erect penis from his pants, pushed Whittaker up against the wall, pressed his exposed penis against her mid-section, and slipped his fingers into her waistband despite her cries for help.  From this evidence, the trial court could infer Manning's intent to sexually assault

4

Whittaker. Although there is evidence that Manning is mentally ill and was perhaps confused, disoriented, and off his medication at the time of the incident, there is legally sufficient evidence to support the trial court's finding beyond a reasonable doubt that Manning knowingly or intentionally intended to commit sexual assault. We overrule Manning's second point of error.

In a factual-sufficiency review, the reviewing court "views all the evidence without the prism of 'in the light most favorable to the prosecution,'" and sets aside the verdict only if it is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). In such a review, the court asks whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is too weak or that the contrary evidence is too strong to rationally support a finding of guilt beyond a reasonable doubt. *Zuniga v. State*, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Apr. 21, 2004). In other words, considering all the evidence in a neutral light, the court determines whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Id.* Appellate courts are not free to reweigh the evidence and set aside a jury verdict merely because the reviewing judges feel that a different result is more reasonable. *Clewis*, 922 S.W.2d at 135. A factual-sufficiency review must employ appropriate deference to the fact-finder's role as the sole judge of the weight and credibility to be given to witness testimony. *Johnson*, 23 S.W.3d at 7.

Although the State does not appear to contest that Manning has schizophrenic paranoia, there is no evidence in the record concerning what effects such an illness might have had on Manning's ability to comprehend or be conscious of his actions or their consequences on July 12. Although Manning's testimony was that he did not remember the events of that day, three witnesses—Whittaker, the hospital employee who rescued her, and the arresting officer—recounted

5

consistent stories and conduct by Manning from which a rational fact-finder could infer his criminal intent. The trial judge, as the sole judge of the weight and credibility of the witnesses, was free to disbelieve Manning's testimony or discount its worth. Being confused, wandering about, and whispering incoherently may have been symptoms of Manning's untreated schizophrenia; however, such symptoms do not, without more, compel the inference that Manning lacked the specific intent to commit sexual assault against Whittaker. Rather, the actions he took against Whittaker compel the opposite inference: that he intended to sexually assault her and would have had he not been apprehended. The evidence Manning cites to support his argument that he was not functioning normally on July 12 due to his mental illness and lack of medication is not so overwhelmingly contrary to a finding of guilt as to render the trial court's verdict clearly wrong or unjust. We overrule Manning's first point of error.

## CONCLUSION

For the foregoing reasons, we overrule Manning's points of error and affirm the trial court's judgment.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: June 24, 2004

Do Not Publish

6