

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0489-07

**THOMAS JAMES CLEMENS, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE THIRD COURT OF APPEALS
TRAVIS COUNTY**

KELLER, P.J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined. MEYERS, J., did not participate.

The court of appeals found the evidence to be legally insufficient to support a conviction for attempted arson. In its petition for discretionary review, the State lodges various complaints about the analysis in the appellate court's opinion. We shall reverse.

# I. BACKGROUND

## A. Facts

Appellant and Leibson were roommates and lived at Leibson's house in Austin. After appellant moved out of the house, he sued Leibson, claiming that Leibson had failed to return property to him. The trial court ordered Leibson to return various items to appellant's attorney.

Some time after appellant filed suit, Leibson's bedroom window was shattered at around midnight one evening in January 2004 while Leibson was in the room. The exterior screen remained intact, and whatever hit the window did not enter the house. Leibson ran outside to investigate and saw appellant rushing to his car. Although Leibson admitted that it was dark, he testified that he recognized appellant. Leibson stated that appellant yelled an expletive at him upon seeing him outside and that he recognized appellant's voice. Leibson saw appellant drive away, and he called the police to report the incident.

Officer Daniel Rivera, the responding officer, testified that, after investigating, he could not determine what had hit the screen and window. However, he testified that Leibson identified appellant as the person responsible for breaking the window.

Leibson's neighbor, Donna Doyle, testified that around nine o'clock the next morning she saw appellant walk down Leibson's porch steps, cut through Leibson's yard, and walk by Leibson's car. Although she had never talked to him, she had seen appellant at Leibson's house before and recognized him. She looked up about a minute later and saw a fire underneath Leibson's car. She ran out of her house and over to the car. She testified that the fire had been set using beer bottles and a paper sack. She noticed that there was liquid inside the bottles but she did not smell anything. The fire intensified when she inadvertently knocked one of the bottles over. After unsuccessfully

attempting to extinguish the fire, Doyle then knocked on Leibson's front door and told him about the fire. Leibson was able to extinguish the fire, and he called the police. During his effort to extinguish the fire, Leibson noticed that the beer bottles had rags placed into their necks and that the area smelled like gasoline.

Officer Arturo Gonzalez responded to the call. He could see that there had been a small fire underneath Leibson's car, and he also saw several beer bottles that were filled with fluid and had rags stuffed into their necks. Officer Gonzalez smelled gasoline in the area around the car.

While inspecting the remainder of the house, Leibson found another bottle on the ground near the window that had been broken the night before. He believed that the bottle must have been the object that hit the exterior window screen and shattered his bedroom window. He also thought that the screen must have prevented the bottle from entering his house. Leibson told Officer Gonzalez about the bottle, and Officer Gonzalez noticed that, like the bottles found underneath Leibson's car, this bottle also contained liquid and had a rag stuffed into its neck. He further noticed that the rag was burned on both ends. He did not pick up the bottle to sniff it and did not know for certain what was in the bottle, but he could faintly smell gasoline near the bottle and the smell was not as strong as it was near Leibson's car. Leibson also found another bottle on the other side of his house, and he could smell gasoline near that bottle.

Sandra Budge, a criminalist for the State Fire Marshal's arson laboratory, tested three liquid samples collected from the beer bottles for the presence of ignitable liquid residue. She concluded that each sample contained gasoline.

The district court found appellant guilty of the second-degree felony of attempted arson and assessed punishment at imprisonment for ten years, suspended for four years. Appellant appealed.

## B. Court of Appeals Opinion

After discussing the standard for reviewing legal sufficiency of the evidence in general and as it relates to attempted arson, the court of appeals analyzed the facts of the present case as follows:

At first glance, the evidence presented appears compelling that Clemens engaged in criminal activity on Leibson's property. However, upon closer examination, we are forced to conclude that insufficient evidence, circumstantial or otherwise, was presented demonstrating the sequence of events necessary to convict Clemens of the crime charged in the indictment. Although Leibson testified that he saw Clemens rushing to his car shortly after the window was broken, no witness observed Clemens throw any object at the window, nor is there any evidence, other than Clemens's mere presence, that he threw anything at the house. Further, no evidence was introduced showing that the bottle found near the window was the object that shattered the bedroom window. There was no evidence indicating that the bottle had been damaged, in any way, as a result of its alleged impact with Leibson's house. Indeed, from the testimony, it seems that the bottle was not only unbroken but still contained some liquid, despite being plugged with only a rag. In addition, there is no evidence establishing that the bottle found beneath the bedroom window was present on Leibson's property during the crucial time between when the window was shattered and the next morning when the fire under the car was set. The only evidence concerning the bottle's location at this critical time is to the contrary: neither Leibson nor Officer Rivera saw a bottle when they searched the area around the window shortly after the window was broken. The bottle was not discovered until the next morning when the bottles under the car were discovered and another bottle was found near Leibson's house on the side opposite Leibson's bedroom. Finally, other than the testimony that the rag stuffed into the neck appeared burned on both ends, there is no evidence that the bottle was thrown at the house while lit. No evidence was introduced indicating that Leibson's house, window screen, or yard sustained any damage from fire. The only evidence concerning such damage is to the contrary: Officer Gonzalez testified that Leibson's house had not sustained any fire damage.

The evidence presented does not establish and it cannot reasonably be inferred from this evidence that the bottle found beneath Leibson's bedroom window was the object that was thrown at or shattered Leibson's window or that the rag in the bottle's neck was lit when the bottle was thrown. The establishment of these facts by some evidence was necessary to convict Clemens of the crime charged – the throwing of an incendiary device through Leibson's window with the intent to set fire to the house. Given the suspicious behavior engaged in by Clemens, it might be possible to speculate that the bottle was the object thrown at the bedroom window, that the rag in the bottle was lit when the bottle was thrown, and that the bottle was on the ground during the investigation by Officer Rivera on the night of the incident but was

overlooked. However, this type of speculation cannot take the place of evidence and reasonable inferences based on the evidence needed to support a conviction.[1]

Concluding that the evidence was legally insufficient to support the conviction, the court of appeals reversed the trial court's judgment and rendered a judgment of acquittal.[2]

## II. ANALYSIS

In conducting a legal sufficiency review, an appellate court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3] In this review, "[d]irect and circumstantial evidence are treated equally: 'Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt.'"[4]

Appellant was convicted of attempted arson. Arson requires, among other things, proof that "the person starts a fire, regardless of whether the fire continues after ignition . . . with intent to destroy or damage . . . any . . . habitation."[5] A person is guilty of an attempted offense "if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that

---

[1] *Clemens v. State*, No. 03-05-00156-CR, 2007 Tex. App. LEXIS 1772, *11-*14 (Tex. App.–Austin, March 9, 2007)(not designated for publication).

[2] *Id.* at *15.

[3] *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *see also Jackson v. Virginia*, 443 U.S. 307 (1979).

[4] *Clayton*, 235 S.W.3d at 778 (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).

[5] TEX. PEN. CODE §28.02(a)(2). Arson also requires a culpable mental state regarding the nature of the property or the likelihood of injury, *see* §28.02(a)(2)(A)-(F), which is not at issue in the present appeal.

tends but fails to effect the commission of the offense intended."[6]  "[T]he law of criminal attempt does not require that every act short of actual commission of the offense be accomplished."[7] Conversely, "[i]t is no defense to prosecution for criminal attempt that the offense attempted was actually committed."[8]

Although the court of appeals cited the proper standards for analyzing the case under a legal sufficiency review, an examination of its discussion reveals that the court of appeals did not apply those standards in the case at hand.  The appellate court found it significant that "no witness observed Clemens throw any object at the window."  This is correct, but there is circumstantial evidence that he did so.  Almost immediately after hearing the window shatter, Leibson saw appellant rushing to his car.  Their prior history suggests that appellant harbored animosity towards Leibson; appellant yelling an expletive during the incident that night reinforces that inference.  Later that morning, appellant was seen walking on Leibson's property and by Leibson's car just one minute before a fire was discovered under the car.  The court of appeals believed that there was no evidence, other than appellant's mere presence, that he threw anything at the house.  But there was evidence of flight, which shows consciousness of guilt.[9]  And both the shouted expletive and the prior roommate troubles showed appellant's animosity toward Leibson and thus established a motive

---

[6] Tᴇx. Pᴇɴ. Cᴏᴅᴇ §15.01(a).

[7] *Santellan v. State*, 939 S.W.2d 155, 163 (Tex. Crim. App. 1997).

[8] Tᴇx. Pᴇɴ. Cᴏᴅᴇ §15.01(c).

[9] *Clay v. State*, 240 S.W.3d 895, 905 n.11 (Tex. Crim. App. 2007); *Clayton*, 235 S.W.3d at 780-781.

for the crime.[10]  Appellant's presence later that morning almost immediately before a fire was discovered also tends to show a plan on the part of appellant to damage Leibson's property.

The court of appeals also believed that no evidence showed that the bottle was the object that shattered the window.  We disagree.  The window was shattered, the bottle was near the window, and the bottle was similar to other bottles that were set on fire the next day underneath Leibson's car.  Moreover, the bottle near the window smelled less strongly of gasoline than did the bottles under the car, suggesting that it had been there longer.  The appellate court points to the fact that the bottle was not broken, but a rational factfinder could easily conclude that a beer bottle could remain unbroken after shattering a window.  The court of appeals also points out that the bottle was not discovered until the next morning, but a rational jury could infer that the beer bottle was present shortly after the window was shattered but was overlooked in the dark during the search that occurred around 1:00 a.m.

The court of appeals also concluded that "other than the testimony that the rag stuffed into the neck appeared burned on both ends, there is no evidence that the bottle was thrown at the house while lit," but the fact that the rag appeared to be burned is some evidence that it was lit at the time it was thrown.  In addition, other bottles of a similar nature were lit later that morning and caused a fire underneath Leibson's car.

The appellate court also found it significant that "[n]o evidence was introduced indicating that Leibson's house, window screen, or yard sustained any damage from fire."  Any such damage, however, would have constituted evidence of a *completed* arson, and the State was required to show

_____

[10]  *See King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000)(racial animosity supplied motive for murder).

only an attempt. Moreover, the arson statute does not require that any damage occur; all that is required is that a person start a fire with the requisite intent.[11]

Viewing the evidence in the proper light reveals that the evidence was legally sufficient to support appellant's conviction. We reverse the judgment of the court of appeals and remand the case to that court to resolve appellant's remaining points of error.

Delivered: March 5, 2008
Do not publish

---

[11] *See* TEX. PEN. CODE §28.02(a); *Beltran v. State*, 593 S.W.2d 688, 689-90 (Tex. Crim. App. 1980).