

**NUMBER 13-07-00677-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN THE MATTER OF H. A. G., A JUVENILE**

**On appeal from the County Court of Goliad County, Texas,
Sitting as a Juvenile Court.**

**MEMORANDUM OPINION**

**Before Justices Yañez, Rodriguez, and Vela
Memorandum Opinion by Justice Rodriguez**

The State alleged that H.A.G., a juvenile, engaged in delinquent conduct by committing the offense of arson. TEX. PENAL CODE ANN. art. 28.02(a) (Vernon Supp. 2007). After a trial on the merits, the trial court found the allegation of arson was true and adjudged H.A.G. guilty of engaging in delinquent conduct. The trial court ordered that H.A.G. be committed to the Texas Youth Commission for an indeterminate period of time not to exceed her eighteenth birthday. By two issues, H.A.G. contends that the evidence

is legally and factually insufficient to prove that she acted with the intent to commit arson. We affirm.

## I. Standards of Review

In conducting a legal sufficiency review, we view the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)); *Escamilla v. State*, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004); *see In re M.D.T.*, 153 S.W.3d 285, 288 (Tex. App.–El Paso 2004, no pet.) ("When reviewing challenges to the legal sufficiency of the evidence to establish the elements of the penal offense that forms the basis of the finding that the juvenile engaged in delinquent conduct, we apply the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 320 (1979)."). We consider whether the trier of fact reached a rational decision. *Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd). The trier of fact is the sole judge of the facts, the credibility of the witnesses, and the weight given to testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Beckham*, 29 S.W.3d at 151. "When a juvenile challenges the legal sufficiency of the evidence in the peculiar civil/criminal hybrid known as juvenile proceedings, the appellate court is required to consider only the evidence and inferences tending to support the findings under attack." *In re B.P.H.*, 83 S.W.3d 400, 406 (Tex. App.–Fort Worth 2002, no pet.) (citing *In re of A.B.R.*, 596 S.W.2d 615, 618 (Tex. Civ. App.–Corpus Christi 1980, writ ref'd n.r.e.)).

In a factual sufficiency review, we review the evidence in a neutral light to determine whether the evidence is so weak that the verdict seems clearly wrong and manifestly unjust or the verdict is against the great weight and preponderance of the evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). If conflicting evidence exists, we presume the trier of fact resolved those conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). This Court will not reverse the jury's verdict unless we can say with some objective basis in the record, the great weight and preponderance of the evidence contradicts the verdict. *Watson*, 204 S.W.3d at 415. "The criminal law standard for factual insufficiency is also applicable in juvenile cases." *In re B.P.H.*, 83 S.W.3d at 407.

## II. Applicable Law

"A person commits [arson] if the person starts a fire, regardless of whether the fire continues after ignition, or causes an explosion with intent to destroy or damage any building, habitation, or vehicle." Tex. Penal Code Ann. art. 28.02(a)(2) (Vernon Supp. 2007). A person commits arson with specific intent to damage or destroy a building, habitation, or vehicle if it is the person's conscious objective or desire to engage in the conduct or cause the result. *Beltran v. State*, 593 S.W.2d 688, 689 (Tex. Crim. App. 1980); *Prejean v. State*, 704 S.W.2d 119, 121 (Tex. App.–Houston [1st Dist.] 1986, no pet.). Intent is usually proven by circumstantial evidence and may be inferred from any facts that tend to prove its existence, such as the acts, words, and conduct of the accused. *Beltran*, 593 S.W.2d at 689.

### III. Analysis

By two issues, H.A.G. challenges the legal and factual sufficiency of the evidence supporting the trial court's finding that she acted with intent—an essential element of arson. By a sub-issue, H.A.G. also argues that apart from any statements made by her, the State failed to prove the corpus delicti of arson.

### A. The Evidence

The State relied on the testimony of Trevino Vargas, III, to prove that H.A.G. acted intentionally. Vargas testified that he is the principal of the middle school where H.A.G. was enrolled as an eighth-grade student. Through his testimony, the State presented evidence that at approximately 3:20 p.m., ten minutes before the students were released from class, a student reported that smoke was coming from the girls' restroom. A female assistant principal entered the restroom and removed a trash can that had been set on fire. Once the trash can was removed, Vargas inspected the restroom. He testified that there was "quite a bit of smoke," that the hall smelled of smoke, and that there was black soot on the vents.

Through an investigation, Vargas discovered that H.A.G. and another student had been in the restroom at the time the fire was started. Vargas discovered a lighter in the other student's possession. The other student told Vargas that she brought the lighter to school for the purpose of starting the fire. Vargas stated she told him that, on the previous day, she and H.A.G. discussed bringing the lighter to school to start the fire. H.A.G. eventually told Vargas that she lit paper (either toilet paper or a paper towel) on fire and put it in the trash can.

4

## B. Corpus Delicti of Arson

"To establish the corpus delicti in arson cases it is necessary to show that a fire occurred and that the fire was designedly set by someone." *Troncosa v. State*, 670 S.W.2d 671, 680 (Tex. App.–San Antonio 1984, no pet.). Although an extra-judicial confession alone is not sufficient to establish the corpus delicti of arson, "if there is some evidence corroborating the confession, the confession may be used to aid in the establishment of the corpus delicti." *Id.*

Here, Vargas testified he observed a trash can on fire that had been removed from the girls' bathroom. Another student reported that she brought a lighter to school because she and H.A.G. had planned to start the fire. These facts corroborate H.A.G.'s extra-judicial statement that she started the fire. *See id.* Therefore, the State established the corpus delicti of arson by showing that a fire occurred and that it was designedly set by someone. *See id.* We overrule H.A.G.'s sub-issue.

## C. Legal Sufficiency of the Evidence

In this case, the trial court may have inferred H.A.G.'s intent to damage or destroy the building based on the following facts: (1) H.A.G. and another student planned to bring a lighter to school; (2) H.A.G. planned to start the fire; (3) H.A.G. started the fire in an empty bathroom; (4) H.A.G. started the fire approximately ten minutes before the school day ended; (5) H.A.G. did not report the fire when it was started or warn anyone that there was a fire when she returned to class; and (6) Vargas had to conduct an investigation to determine who was in the restroom at the time the fire started. *See Beltran*, 593 S.W.2d at 689.

5

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that H.A.G. had the specific intent to damage or destroy the building when she started the fire. *See Hooper*, 214 S.W.3d at 13; *Escamilla*, 143 S.W.3d at 817. We overrule H.A.G.'s first issue.

### D. Factual Sufficiency of the Evidence

H.A.G. contends that the evidence merely shows that she burned her finger with the lighter and dropped a lit piece of paper into the trash can, and not that she had the specific intent to damage or destroy the building. Although Vargas stated that H.A.G. told him that she burned her finger and let a lit paper fall into the trash can, the trial court may not have believed H.A.G.'s explanation due to her conduct before and after she started the fire. *Beltran*, 593 S.W.2d at 689. The trial court could have inferred H.A.G.'s intent to damage the building because H.A.G. and another student planned to bring the lighter for the purpose of starting a fire at school, and H.A.G. failed to report the fire to school officials or warn others of the potential danger. *Id.* After viewing the evidence in a neutral light, we conclude that the evidence is not so weak that the trial court's verdict seems clearly wrong and manifestly unjust or that the verdict is against the great weight and preponderance of the evidence. *Watson,* 204 S.W.3d at 414-15. We overrule H.A.G.'s second issue.

### IV. Conclusion

We affirm.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 22nd day of May, 2008.

6