

# NUMBER 13-20-00404-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ARMANDO GRIMALDO,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

## On appeal from the 197th District Court
## of Willacy County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Chief Justice Contreras**

Appellant Armando Grimaldo appeals from a judgment revoking his community supervision and sentencing him to two years' confinement for the offense of stalking, a third-degree felony. *See* TEX. PENAL CODE ANN. § 42.072(b). We affirm.

# I.    BACKGROUND

On June 18, 2018, Grimaldo pleaded guilty to the offense of stalking. *See id.* The trial court sentenced Grimaldo to three years' imprisonment, but suspended the sentence and placed him on community supervision for three years, subject to several conditions. The first condition obliged Grimaldo to "[c]ommit no offense against the laws of [Texas] or any other State or of the United States."

Grimaldo was subsequently jailed on a separate offense and attended a hearing on that offense on February 10, 2020.[1] Immediately following that hearing, Rene Ramirez, a chief jail administrator, overheard Grimaldo state something "around [the] realm" of, "it wasn't fair for the judge to . . . not give [Grimaldo] . . . a bond," and that "[I] better get [my] fucking court date or . . . [I will] burn down the courthouse." Ramirez deemed Grimaldo's statements serious enough that he reported them to an investigator.

On August 20, 2020, the State filed a motion to revoke Grimaldo's community supervision, alleging that he violated the conditions of his community supervision by committing additional offenses.[2] Specifically, the State alleged that Grimaldo's February 10 statement constituted a terroristic threat and retaliation.[3] *See id.* §§ 22.07, 36.06. Grimaldo "made those threats," the State argued, "not only to the entire courthouse, but

---

[1] The record is not clear as to what the offense was.

[2] The State filed a previous motion to revoke community supervision on September 17, 2019, on the basis that Grimaldo committed the offenses of assault and criminal mischief. The State subsequently moved to dismiss its initial motion to revoke in February 2020. The trial court dismissed the motion on February 20, 2020.

[3] The State also alleged that Grimaldo committed the offense of unlawful restraint, *see* TEX. PENAL CODE ANN. § 42.072, but chose to proceed only on the first two allegations.

certainly to Judge Adolfo Cordova of the 197th Judicial District Court, who was the judge that had just ruled on [Grimaldo's] request that got [Grimaldo] upset."[4]

On September 23, 2020, the trial court held a hearing on the State's motion to revoke, at which Grimaldo pleaded not true to the allegations. After hearing testimony, the trial court found the State's allegations true, revoked Grimaldo's community supervision, and sentenced Grimaldo to two years' confinement. This appeal followed.[5]

## II. DISCUSSION

Grimaldo contends by one issue that the State did not provide sufficient evidence that he violated the terms of his community supervision, and, consequently, the trial court abused its discretion by revoking Grimaldo's community supervision.

### A. Standard of Review

We review a trial court's decision to revoke community supervision for abuse of discretion. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). A trial court maintains "discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision." *Id.*; *see also Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). One violation of the terms of supervision is sufficient to affirm a trial court's order revoking a defendant's community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

In the context of community supervision revocation, the preponderance of the

---

[4] The record is not clear as to what Grimaldo requested or what Judge Cordova's ruling was.

[5] The State has not filed a brief to assist us in the resolution of this appeal.

evidence standard means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his" community supervision. *Hacker*, 389 S.W.3d at 865 (citing *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)). "When the State has failed to meet its burden of proof, the trial judge abuses his discretion in issuing an order to revoke" community supervision. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984).

When the sufficiency of the evidence to support revocation is challenged, we view the evidence in a light most favorable to the trial court's findings. *Martinez v. State*, 563 S.W.3d 503, 510 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.); *Rodriguez v. State*, 888 S.W.2d 211, 214 (Tex. App.—Corpus Christi–Edinburg 1994, no pet.); *see Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). The trial court is the "sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Hacker*, 389 S.W.3d at 865. Thus, if the record supports conflicting inferences, it must be presumed that the trial court resolved any such conflict in favor of its findings. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

## B.    Analysis

Grimaldo argues that the State failed to prove by a preponderance of the evidence that he committed the offenses of terroristic threat and retaliation.

A person commits the offense of terroristic threat if he "threatens to commit any offense involving violence to any person or property with intent to," among other things:

> (2) place any person in fear of imminent serious bodily injury;
>
> (3) prevent or interrupt the occupation or use of a building . . . or other public place; [or]

4

. . . .

> (6) influence the conduct or activities of a branch or agency of the federal government, the state, or a political subdivision of the state.

TEX. PENAL CODE ANN. § 22.07(a)(2), (a)(3), (a)(6). "A person acts . . . with intent[] with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." *Id.* § 6.03(a). "Intent can be inferred from the acts, words and conduct of the accused." *Beltran v. State*, 593 S.W.2d 688, 689 (Tex. Crim. App. 1980).

Section 22.07(a) does not require that a purported victim be actually placed in fear of imminent bodily injury, that the threat actually influence a governmental body, or that the defendant have the intent to actually carry out of a threat of violence. *See* TEX. PENAL CODE ANN. § 22.07(a); *Zorn v. State*, 222 S.W.3d 1, 3 (Tex. App.—Tyler 2002, pet. dism'd); *Gillette v. State*, 444 S.W.3d 713, 723 (Tex. App.—Corpus Christi–Edinburg 2014, no pet.). The offense is completed "once the defendant makes a threat to commit a violent offense seeking the desired reaction . . . ." *Phillips v. State*, 401 S.W.3d 282, 292 (Tex. App.—San Antonio 2013, pet. ref'd).

Ramirez testified that Grimaldo made a comment along the lines of, "[I] better get [my] fucking court date or . . . [I will] burn down the courthouse." Grimaldo argues, seemingly under § 22.07(a)(2), and ostensibly in response to the State's argument that Grimaldo threatened "not only [] the entire courthouse, but certainly [] Judge Adolfo Cordova," that "there is nothing about [his comment] that establishes [Grimaldo] intended to place a victim in fear of imminent serious bodily injury." *See* TEX. PENAL CODE ANN. § 22.07(a)(2). Even assuming, arguendo, that the State failed to prove, by a mere

5

preponderance of the evidence, that Grimaldo violated § 22.07(a)(2) by "plac[ing] any person in fear of imminent serious bodily injury," there is legally sufficient evidence to support the trial court's findings under the other subsections of the statute. *See, e.g.*, *id.* § 22.07(a)(3), (a)(6).

The trial court could have reasonably concluded that Grimaldo's statements constituted a threat to commit a violent offense against property with the intent to "prevent or interrupt the occupation or use of a building" or "influence the conduct or activities of a branch or agency of . . . the state." *See id.* Grimaldo's intent can be inferred from his acts, words, and conduct. *See Beltran*, 593 S.W.2d at 689. Grimaldo made the relevant statement immediately following his hearing before the court, and he conditioned his threat to burn the courthouse on the trial court's failure to hear his case on a specified date. Viewing this evidence in a light most favorable to the trial court's findings, we find that the trial court could have reasonably found by a preponderance of the evidence that Grimaldo committed the offense of terroristic threat. *See Rodriguez*, 888 S.W.2d at 214; *Garrett*, 619 S.W.2d at 174.

Because we conclude that the trial court could have reasonably believed that Grimaldo violated the terms of his community supervision by committing the offense of terroristic threat, and only one proven violation is all that is needed to affirm a trial court's order revoking a defendant's community supervision, we need not consider the State's retaliation charge. *See Smith*, 286 S.W.3d at 342; TEX. R. APP. P. 47.1. Grimaldo's issue on appeal is overruled.

6

### III. Conclusion

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
16th day of September, 2021.