

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00013-CR

BRYAN ANDREW BRUCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2921-542-C1, Honorable Vik Deivanayagam, Presiding

September 4, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Bryan Andrew Bruce, was convicted by a jury of arson and sentenced to confinement for twenty years.[1] Presenting three issues, he maintains (1) the trial court abused its discretion by admitting evidence of fires on the property in addition to the fire alleged in the indictment; (2) the evidence is insufficient to sustain his conviction for arson of vegetation; and (3) court costs for court-appointed

---

[1] TEX. PENAL CODE ANN. § 28.02(a)(1).

counsel and court-appointed investigator were improperly assessed.[2]  We affirm the judgment but direct preparation of an amended bill of costs.

**BACKGROUND**

Appellant lived in a house on property belonging to his father which included a pecan orchard.  His father testified Appellant had permission to live on the property.[3]  On October 22, 2020, volunteer firefighters were called to Appellant's address to extinguish an unsupervised grass fire.  Several firefighters testified that once the fire was under control, Appellant came out of his house in an agitated state.  Shortly after departing the scene, the firefighters were recalled to the property after dark because the fire had reignited.  According to one of the firefighters, Appellant rode a motorcycle around the firetrucks in a weaving pattern and yelled obscenities at them and called them "idiots" and "dumbass firemen."  His conduct impeded the firefighters' ability to control the fire.

On November 3, 2020, Appellant started a grass fire which escalated and burned a garage-type shed containing some of his father's belongings.  According to a deputy who responded to the fire, Appellant was not cooperative and wanted all law enforcement and firefighters off the property.

Appellant's father testified Appellant did not have permission to start any of the fires and indicated he told Appellant several times to not start any fires.  After the November 3 fire, he had explicitly told Appellant, "[n]o more fires."

---

[2] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001.  Should a conflict exist between precedent of the Tenth Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

[3] Title to the property was held by Appellant's father but Appellant was making payments under a Contract for Deed signed in 2016.

Just weeks later, on November 17, 2020, Appellant started another fire which he asserted was a controlled burn. The fire escalated beyond control and a neighbor called 911 to report the fire. A police department employee who answered the 911 call testified, over objection, that her notes from November 17, 2020, reflected the caller reported a "male who is in a field fixing to light a fire and thinks he's doing this intentionally." She also testified the caller reported that Appellant was using gasoline to start the fire. One of the firemen testified gasoline is not an accelerant generally used for a grass fire.

When a deputy responded to the November 17 fire, Appellant was not cooperative. He waved a saw blade and used expletives while yelling at the deputy to leave his property.[4] Although Appellant was holding a shovel which is a common tool used in a controlled burn, the deputy testified Appellant was not attempting to manage the fire. Once firefighters arrived, Appellant again impeded their ability to fight the fire by riding his motorcycle through the fire in a weaving pattern and harassing firefighters. After the third fire, Appellant was charged with arson.

The State presented numerous witnesses during the guilt/innocence phase. After the State rested, defense counsel moved for a directed verdict arguing Appellant started a controlled burn on November 17 and the State did not present any evidence to the contrary. The trial court disagreed and denied the motion. Appellant did not testify, nor did he present any witnesses.

---

[4] The deputy explained that a controlled burn involves igniting a brush pile which may be supervised by the fire department for containment. On cross-examination, he concurred with defense counsel that a controlled burn is an accepted agricultural use to control vegetation. He also agreed that a controlled burn that worsens does not necessarily result in an arson charge.

**ISSUE TWO—SUFFICIENCY OF THE EVIDENCE**

We review Appellant's issues in a logical rather than sequential order and begin with issue two by which he challenges the sufficiency of the evidence to support his conviction. He contends the State did not prove the November 17 fire was not a controlled burn of open-space land which is an exception to prosecution. We disagree.

We review the denial of a motion for directed verdict under the same standard as for legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 483 (Tex. Crim. App. 1996). That standard is set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Baltimore v. State*, 689 S.W.3d 331, 340–41 (Tex. Crim. App. 2024); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). A jury is permitted to draw reasonable inferences from the evidence and may use common sense, common knowledge, personal experience, and observations from life when drawing those inferences. *Baltimore*, 689 S.W.3d at 342. We give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id.*

4

A person commits arson if he starts a fire or causes an explosion with intent to destroy or damage any vegetation, fence, or structure on open-space land. TEX. PENAL CODE ANN. § 28.02(a)(1). The offense is complete when the fire is started with the requisite culpable mental state. *Beltran v. State*, 593 S.W.2d 688, 690 (Tex. Crim. App. 1980). Intent may be inferred from circumstantial evidence of the person's acts, words, or conduct. *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009). However, it may not be inferred from the mere act of burning*. Beltran*, 593 S.W.2d at 689.

The State presented sufficient evidence to show Appellant intentionally started the November 17 fire and that vegetation was damaged. The evidence showed Appellant was not cooperative with law enforcement or the firefighters attempting to extinguish the fire. He waved a saw blade at a deputy. He rode his motorcycle in a disruptive manner while yelling obscenities at firefighters, and he hindered their ability to extinguish the fire. Although Appellant had a shovel, which is commonly used in a controlled burn, no evidence was presented showing he used it to manage the fire. The jury was free to infer Appellant's intent to cause damage to the vegetation from his words and conduct. We find the evidence is sufficient to support Appellant's conviction. Issue two is overruled.

**ISSUE ONE—ADMISSION OF EVIDENCE OF EXTRANEOUS CONDUCT**

Appellant maintains the trial court abused its discretion by admitting evidence of other fires on the property. We disagree.

Evidence of other crimes, wrongs, or acts is not admissible to prove character conformity, but may be admissible for other purposes such as to establish motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. TEX. R. EVID. 404(b). Such evidence may be offered if it serves to make more

5

or less probable an elemental fact, an evidentiary fact that inferentially leads to an elemental fact, or to rebut a defensive issue that negates an elemental fact. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). A trial court's admission of extraneous acts is reviewed for abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016).

At a pretrial hearing, the trial court heard arguments on Appellant's motion in limine regarding prior fires. The State expressed its intent to introduce evidence of other fires which did not result in criminal charges. The State also wanted to rebut Appellant's defensive theory that the fires were controlled burns. Appellant requested and was granted a limiting instruction on the extraneous acts.

Just prior to commencement of trial, defense counsel specifically objected to any testimony and photographs regarding the November 3 fire because of the garage-type shed that was burned. He argued such evidence would be highly inflammatory and prejudicial. After a discussion, the State agreed not to offer evidence of photographs of the burned shed, and the trial court overruled Appellant's objection. The trial court ruled other evidence of that fire admissible under Rule 404(b).

The State's strategy in offering evidence of prior fires was to establish an elemental fact of the charged offense and to rebut Appellant's defensive theory. The fires were relevant to prove intent and knowledge and were not introduced to prove character conformity. In conducting a Rule 403 balancing test, the trial court correctly ruled that the probative value of the evidence far outweighed any unfair prejudice. *See Gigliobianco v. State*, 210 S.W.3d 637, 642 (Tex. Crim. App. 2006). The trial court did not abuse its

6

discretion in admitting the objected-to evidence related to the prior fires.  Issue one is overruled.

**ISSUE THREE—IMPROPERLY ASSESSED COSTS**

Relying on *Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010), Appellant maintains the assessment of court-appointed attorney's fees of $1,265.00 and court-appointed investigator fees of $600.00 were improperly assessed in the *Bill of Costs*.  The State does not contest the complaint and we agree based on Appellant's indigent status that both assessments were erroneous.  *See id.  See also Martin v. State*, 405 S.W.3d 944, 947–48 (Tex. App.—Texarkana 2013, no pet.) (finding that an investigator's fee may not be assessed against an indigent defendant unless the trial court finds he had sufficient financial resources to pay).  Issue three is sustained.

The clerk of the 19th District Court of McLennan County is directed to prepare an Amended Bill of Costs deleting assessments for court-appointed counsel and for the court-appointed investigator and provide the same to this Court, Appellant, and the Texas Department of Criminal Justice.

**CONCLUSION**

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.

7