Kelly Dean **GREER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–93–00095–CR.

Court of Appeals of Texas, Tyler.

June 27, 1994.

Kenneth Nash, Tyler, for appellant.

Amy Blalock, Asst., Dist. Atty., Tyler, for appellee.

BILL BASS, Justice.

Kelly Dean Greer was convicted of arson and sentenced to 70 years confinement. We will affirm the conviction.

Greer and his common law wife, Bettey Mackey, lived together in a mobile home at the Shiloh Pines Mobile Homes Park in Tyler. One evening Mackey returned from work to observe water streaming out from beneath the home. She assumed the water was coming from a broken pipe. As she opened the door to the mobile home, smoke rushed out. She followed the smoke to the back part of the trailer where she found black smoke billowing out of the bathroom. She left the trailer and had a neighbor call the fire department. The firefighters arrived, but there was no fire left to extinguish. Apparently, the fire in the bathroom caused the toilet tank to burst, causing a steady flow of water to extinguish the fire.

Firemen found a 2–gallon gasoline container in the bathroom where the fire damage was restricted. The arson investigator found the screen removed from the bathroom window. He also discovered the cap of the gas container on the ground outside the window.

Greer, on the testimony of an eyewitness, was found guilty of arson under Section 28.02 of the TEXAS PENAL CODE by starting a fire with intent to destroy or damage the mobile home. In assessing punishment, a jury also found that Greer had previously committed two other offenses. Accordingly, the jury assessed punishment at 70 years confinement in the Texas Department of Criminal Justice–Institutional Division.

In his first point of error, Greer argues that the evidence was insufficient to support a guilty verdict. The standard for reviewing sufficiency of the evidence questions on appeal is whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Cr.App.1989).

The State called Roger Henry, a neighbor of Greer's at the mobile home park, to testify

concerning the fire. Henry had known Greer for a year before the fire. Henry testified that he was looking out of his own trailer's window and observed Greer walking around Greer's home attempting to open windows and doors. Henry assumed that Greer had locked himself out of his trailer and was trying to find a way inside. Once Greer found an open window, Henry observed Greer go to his car, remove a metal gasoline container, and return to the window. Greer then placed the can through the window and, according to Henry, moved his hands together as if he were striking a match. Greer reached through the window and immediately fire flashed up through the window. Greer then got in his car and left.

Henry's testimony was unequivocal and uncontroverted. Greer contends that, even though there may have been a flash of fire that was ignited by Greer, the evidence was nevertheless insufficient to prove that Greer was actually responsible for the fire damage to the mobile home. Greer, therefore, is suggesting that an intervening fire caused the damage to the trailer. The indictment, consistent with Section 28.02 of the TEXAS PENAL CODE, only required the State to prove that Greer "knowingly and intentionally start[ed] a fire by lighting flammable materials, with intent to destroy or damage a habitation owned by Betty Mackey." The State was not required to prove (although the evidence was, without a question, sufficient to prove) that Greer's fire caused the damage to the trailer.

Based on the evidence viewed in the light favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We overrule Greer's first point of error.

■ In his second point of error, Greer complains that the trial court erred in admitting evidence of other crimes, wrongs, or acts when Betty Mackey testified for the State. Ms. Mackey had testified that on the day of the fire she returned home to find the television gone. She immediately went to a pawn shop to recover it. Asked by the prosecutor why she went to the pawn shop, Ms. Mackey replied, "because he [Greer] had taken my TV before." Greer objected "to any extraneous matters under Rule 404(b) . . . and request the prosecutor state the reason he needs such evidence under the case of Montgomery versus State." The court overruled the objection and permitted the witness to answer. However, Ms. Mackey did not testify further regarding Greer taking the television.

Mackey had already testified that the mobile home was in both Mackey's and Greer's names, and that Mackey considered Greer to be her husband. That Mackey and Greer had a common law marriage was not disputed. Mackey also testified that she and Greer owned property in common. Later, during Greer's jury argument, Greer's attorney stated that the television in fact belonged to Greer. Under these facts, it was not error for the trial court to overrule Greer's Rule 404(b) objection to testimony that Greer, who owned the mobile home and other property in common with his common law wife, took his own television to a pawn shop. While it may not have been relevant evidence, Ms. Mackey's testimony was not evidence of Rule 404(b) "crimes, wrongs, or acts" committed by Greer. Point of error two is overruled.

■ In points of error three and four, Greer argues that the trial court erred in overruling his timely objection to two incidents of improper jury argument by the prosecutor. The four areas of acceptable jury argument are: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, and (4) plea for law enforcement. *Allridge v. State,* 762 S.W.2d 146, 155 (Tex. Cr.App.1988), *cert. denied,* 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238; *Brown v. State,* 692 S.W.2d 497, 502 (Tex.Cr.App.1985). For error to be reversible, the comment, viewed in light of the record as a whole, must be extreme or manifestly improper, violative of a mandatory statute, or inject into the trial new facts harmful to the accused. *Allridge* at 155.

■ The first statement Greer claims was improper jury argument occurred when the prosecutor summarized the State's evidence. The State's attorney stated that the eyewit-

ness has "been working at Trane for twenty-eight years. Okay? Pretty reputable guy? Yeah." Greer objected that the State's attorney was attempting to support the credibility of their witness by injecting the prosecutor's own personal opinion, bolstering the witness' credibility. The court overruled the objection. The prosecutor was merely summarizing evidence already admitted that the eyewitness had worked for an established company for a long period of time. Then the prosecutor properly made a reasonable deduction from that evidence that the eyewitness was a reputable witness. The court did not err in admitting the State's argument concerning the eyewitness' credibility.

■ In the second argument that Greer claims was improper, the prosecutor allegedly personally attacked Greer's defense counsel. The State's attorney, in response to Greer's jury argument that the State could not come up with a credible theory for Greer's motive, stated "there's an old saying about trying criminal law that has to do with defense attorneys and that's what this is. When you have the facts, you argue the facts. When you don't have the facts, you try to muddy up the water." We do not believe this type of generalization rises to the level of being highly prejudicial, extreme or manifestly improper, violative of a mandatory statute, or injecting into the trial new facts harmful to the accused. *Allridge* at 155. The trial court did not commit reversible error in overruling Greer's objection. Points of error three and four are overruled.

We affirm the judgment of the trial court.