**Walter Dwight MOSHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–93–00459–CR.**

Court of Appeals of Texas,
El Paso.

March 30, 1995.

---

Thomas S. Hughes, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for state/appellee.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

## *OPINION*

BARAJAS, Chief Justice.

This is an appeal from a conviction for the offense of arson. Upon conviction, the jury assessed punishment at 20 years' imprisonment. We affirm.

In Appellant's sole point of error, he asserts that there was insufficient evidence to support his judgment of conviction. At trial, the State utilized the testimony of Katherine Cramer. She related that she lived at 3456 Wayside in El Paso County, Texas. On January 31, 1993, she came home at dusk and saw the words, "You're fucking dead" spray-painted in black paint on her garage door. She surmised that her ex-husband, Appellant, painted the words. At approximately 10:00 p.m., she saw Appellant drive by in his vehicle. Cramer and her daughter then drove around the neighborhood in search of Appellant. They passed Appellant in his vehicle twice before returning to the house. Upon entering the house, she heard a loud "thump" against the front wall of the house. Subsequently, a broken bottle containing gasoline was discovered under a bush outside the front of her home.

A friend of the witness, David Brown, came to the house. After passing by the house several times, Appellant parked in front and threw a "molotov cocktail"[1] at the house. The firebomb struck the wall of the house to the right of the front door. A fire started which burned a bush and some grass

---

1. Gavin Teague, a fire investigator with the El Paso Fire Department, later testified that a molotov cocktail is an incendiary device usually made of glass containing an accelerant such as gasoline. A wick, generally a piece of rag or paper, is then placed in the top of the glass container. The wick is lit and the device is thrown at the intended target.

in the yard. The fire scorched the garage door, the front door and the brick on the front of the house.

David Brown testified that he went to Katherine Cramer's house upon learning that she was having difficulty with her ex-husband in that he had written some lewd remarks on her garage door. He stated that he saw Appellant arrive in front of the house. Appellant left his vehicle and then threw a flaming molotov cocktail at the house. Brown ran outside and used a water hose to extinguish the fire that had started up against the house and in the yard. He testified that the fire caused smoke damage on the brick wall of the house as well as the garage overhang.

Fire investigator Gavin Teague stated that he was dispatched to Katherine Cramer's home to investigate a fire. He testified that he found broken glass on the front porch of the home. He also observed scorch marks on the front wall of the house and on a door leading to the garage. He saw scorch marks on the ceiling above the porch and found glass imbedded in the brick on the front wall of the home. He stated that it appeared that a molotov cocktail had been thrown at the house. Gavin based this conclusion upon the circumstances he observed and the noticeable odor of gasoline.

■■■ In reviewing the sufficiency of the evidence to support a criminal conviction, we are constrained to view all the evidence in a light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime as alleged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 313–19, 99 S.Ct. 2781, 2785–89, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991); *Nevarez v. State*, 847 S.W.2d 637, 643 (Tex.App.—El Paso 1993, pet. ref'd). Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable doubt. *Stoker v. State*, 788 S.W.2d 1, 6 (Tex.Crim. App.1989), *cert. denied*, 498 U.S. 951, 111

S.Ct. 371, 112 L.Ed.2d 333 (1990). Nor do we resolve any conflict of fact or assign credibility to the witnesses as it was the function of the trier of fact to accept or reject any, part, or all of any witness's testimony. *See Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App.1992). Instead, an appellate court's duty is only to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in a light most favorable to the verdict. *Adelman*, 828 S.W.2d at 421–22. In so doing, any inconsistencies in the evidence are resolved in favor of the verdict. *Matson v. State*, 819 S.W.2d 839, 843 (Tex. Crim.App.1991), *quoting Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

The application paragraph of the charge to the jury at the guilt-innocence stage of trial provided, in relevant part:

[D]id intentionally or knowingly start a fire with the intent to damage or destroy a habitation, when he was reckless about whether the burning or explosion would endanger the life of some individual or the safety of the property of another, then you will find the defendant guilty of arson, as alleged in Count I of the indictment.

■■■ Appellant asserts that the evidence was insufficient in that there was no evidence that the building was "designedly set on fire." To establish the corpus delicti in arson cases it is necessary to show that a fire occurred and that the fire was designedly set by someone. *Troncosa v. State*, 670 S.W.2d 671, 680 (Tex.App.—San Antonio 1984, no pet.). Appellant appears to state that as there was no damage to the home in that it did not burn, there is insufficient evidence to demonstrate arson and Appellant can only be guilty of attempted arson. If we accede that no damage occurred to the home (which we do not), the offense of arson is complete whenever the actor starts a fire with the requisite culpable mental state, whether or not damage of any kind actually occurs.[2] *Hamilton v. State*, 676 S.W.2d 120, 121 (Tex.

---

**2.** Tex.Penal Code Ann. § 28.02(a)(2)(F) (Vernon 1994) provides:

(a) A person commits an offense if he starts a fire or causes an explosion with intent to destroy or damage:

(2) any building, habitation, or vehicle:
(F) when he is reckless about whether the burning or explosion will endanger the life of some individual or the safety of the property of another.

Crim.App.1984), *Beltran v. State,* 593 S.W.2d 688, 689–90 (Tex.Crim.App.1980), *Greer v. State,* 882 S.W.2d 24, 26 (Tex.App.—Tyler 1994, no pet.), *Lozano v. State,* 860 S.W.2d 152, 155 (Tex.App.—Austin 1993, pet. ref'd).

█ In the present case, the evidence clearly shows that Appellant started a fire with the intent to damage or destroy a habitation. Accordingly, we find there is sufficient evidence to support the conviction. Appellant's sole point of error is overruled.

We affirm the judgment of the trial court.