Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

Nos. 04-08-00421-CR & 04-08-00422-CR

Roderick Lamond **WALLACE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2005-CR-6968 & 2006-CR-0844
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:        Rebecca Simmons, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed:   July 29, 2009

AFFIRMED

Roderick Lamond Wallace was convicted by a jury of arson and assault - family violence.

On appeal, Wallace asserts: (1) the trial court erred in failing to instruct the jury on the lesser-

included offense of third degree arson; (2) the trial court abused its discretion in admitting

photographs that were improperly authenticated and overly prejudicial; (3) the evidence obtained by

an arson investigator was the result of a warrantless and illegal entry into the home shared by

Wallace and the complainant; and (4) the evidence is legally and factually insufficient to support the arson conviction. Because the issues in this appeal involve the application of well-settled principles of law, we affirm the trial court's judgments in this memorandum opinion.

## JURY CHARGE

Wallace first argues the trial court erred in "failing to instruct the jury that in considering [his] culpability for arson, it could consider whether [his] conduct in starting the fire in question was merely reckless, and not intentional or knowing." Although Wallace acknowledges defense counsel did not object to the trial court's failure to include a theory of reckless conduct within the arson charge, Wallace asserts he can demonstrate egregious harm under the standard set forth in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

A trial court is not required to *sua sponte* instruct a jury on all potential lesser-included offenses. *Delgado v. State*, 235 S.W.3d 244, 249-50 (Tex. Crim. App. 2007). "'Because of the strategic nature of the decision, it is appropriate for the trial court to defer to the implied strategic decisions of the parties by refraining from submitting lesser offense instructions without a party's request. . . . [T]he defense may not claim error successfully on appeal due to the omission of a lesser included offense if the defense refrained from requesting one.'" *Id*. at 250 (quoting 43 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 36.50 at 202 (Supp. 2006)). Because Wallace did not request an instruction on third degree arson, no error existed in the charge. Therefore, no analysis of egregious harm is warranted under *Almanza*. *See Hayes v. State,* 265 S.W.3d 673, 688-89 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

**PHOTOGRAPHS**

Wallace next contends the trial court erred in admitting photographs depicting the complainant's injuries because they were improperly authenticated and overly prejudicial. Wallace objected at trial that the photographs were taken twenty-four hours after the assault. However, the complainant testified they "fairly and accurately" reflected the injuries she sustained in the assault. Accordingly, the photographs were properly authenticated. *See Drone v. State*, 906 S.W.2d 608, 611 (Tex. App.—Austin 1995, pet. ref'd) (holding photograph is properly authenticated when witness with personal knowledge testifies item accurately represents scene or event it purports to portray). Wallace did not object at trial that the photographs were unduly prejudicial. He therefore failed to preserve that complaint for appeal. *See* TEX. R. APP. P. 33.1; TEX. R. EVID. 103(a)(1); *Berry v. State*, 233 S.W.3d 847, 857 (Tex. Crim. App. 2007).

**ARSON INVESTIGATOR'S TESTIMONY**

Wallace argues the evidence obtained by an arson investigator was the result of a warrantless and illegal entry into the home shared by Wallace and the complainant. Wallace did not object to the admission of the evidence at trial, either by a pre-trial motion to suppress or when the testimony was offered during trial. By failing to present this complaint to the trial court and obtain a ruling thereon, Wallace failed to preserve this issue for our review. TEX. R. APP. P. 33.1(a).

**SUFFICIENCY OF THE EVIDENCE**

In his final complaint, Wallace asserts the evidence is legally and factually insufficient to support his arson conviction. Specifically, Wallace contends the evidence does not support the jury's finding that he set a fire with intent to damage or destroy the home where he lived and that contained all his belongings.

In determining the legal sufficiency of the evidence, we review the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). In conducting a factual sufficiency review, this court views all of the evidence in a neutral light and sets aside the verdict only if: (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust; or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). "[D]ue deference must be accorded the fact finder's determinations, particularly those determinations concerning the weight and credibility of the evidence," and a reviewing court's disagreement "with the fact finder's determination is appropriate only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Id.* at 9.

The complainant, Wallace's girlfriend, testified Wallace physically confronted her about speaking on the cell phone with her ex-boyfriend and accused her of cheating on him. Wallace hit the complainant in the face with the back of his hand, choked her, pushed her into the bathtub, and shoved her against a wall. After this confrontation, Wallace went downstairs and returned with a few pages of newspaper and a lighter. Wallace told the complainant he was going to burn the house down, stating, "You think this is a joke, this is a game, I'm going to burn this house down." Wallace laid the newspaper on the banister of the stairs and lit it. Although the complainant attempted to reach the newspaper to extinguish the fire, Wallace kept pushing her away. When the smoke detectors went off, Wallace grabbed the burning newspaper and took it into the bathroom.

Julio Rodriguez, an arson investigator, determined the fire originated on the banister at the top of the stairwell when a combustible material was ignited and placed on top of the banister. A bedroom was directly next to the fire, and Rodriguez believed the fire might have been intended to trap someone in the bedroom. Rodriguez stated the fire "got to the point that it was emitting ashes and embers that were flying and some of them were able to fly down the staircase." Rodriguez testified a staircase fire is extremely dangerous because it tends to burn much faster and spread quickly in an upward direction. Pictures of the damage caused by the fire to the banister and a wall were admitted into evidence together with a picture of what Rodriguez described as "some small charred pieces of fire debri[s] on the carpeting itself." Rodriguez stated the charred remains indicated "the fire was big enough to emit fire debri[s] in that wide area there in the top area of the second floor." Rodriguez opined the fire was started with the intent to damage or destroy a habitation. Rodriguez testified someone attempted to extinguish the fire in the bathtub, and a picture of the bathtub with the charred debris of paper was admitted into evidence. On cross-examination, Rodriguez stated the scattering of the debris could have been caused by the fire itself or by someone carrying the burning paper to the bathtub.

A person commits the offense of arson if he starts a fire with intent to destroy or damage a building or habitation within the limits of an incorporated city or town. TEX. PEN. CODE ANN. § 28.02(a)(2)(A) (Vernon Supp. 2008). "To establish the corpus delicti in arson cases it is necessary to show that a fire occurred and that the fire was designedly set by someone." *Mosher v. State*, 901 S.W.2d 547, 549 (Tex. App.—El Paso 1995, no pet.); *see also Troncosa v. State*, 670 S.W.2d 671, 680 (Tex. App.—San Antonio 1984, no pet.).

Wallace relies on the evidence he put the fire out and little damage occurred to argue the evidence is insufficient to establish he had the requisite intent to damage or destroy anything. However, "the offense of arson is complete whenever the actor starts a fire with the requisite culpable mental state, whether or not damage of any kind actually occurs." *Mosher*, 901 S.W.2d at 549; *see also Beltran v. State*, 593 S.W.2d 688, 690 (Tex. Crim. App. [Panel Op.] 1980). In this case, Wallace retrieved the newspaper and the lighter and started the fire while telling the complainant he was going to burn the house down. Wallace also prevented the complainant from extinguishing the fire. *See Beltran*, 593 S.W.2d at 689 (holding specific intent to damage or destroy building can be inferred from conduct, including defendant's attempt to prevent efforts to extinguish blaze). Further, Wallace allowed the fire to burn until the smoke detectors were activated. And, although damage is not required to prove an arson offense, the jury was shown pictures of the damage to the banister and wall caused by the fire. This evidence is sufficient to support the jury's finding that Wallace intended to damage or destroy the habitation. We therefore hold the evidence is legally and factually sufficient to support Wallace's arson conviction.

## CONCLUSION

The trial court's judgments are affirmed.

Steven C. Hilbig, Justice

Do not publish