

## IN THE
## TENTH COURT OF APPEALS

#### No. 10-14-00042-CR

**JESUS M. LOYA, JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D35132CR

## MEMORANDUM OPINION

A jury convicted Appellant Jesus M. Loya, Jr., of second-degree-felony arson, *see* TEX. PENAL CODE ANN. § 28.02(a)(2)(F), (d) (West 2011), and assessed his punishment, enhanced by a prior felony conviction, at twenty years' imprisonment. This appeal ensued. In his sole issue, Loya contends that the trial court erred in denying his request for a lesser-included instruction.

Appellate review of alleged jury-charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, the court must

determine whether error actually exists in the charge. If error is found, the court must then evaluate whether sufficient harm resulted from the error to require reversal. *Id.* at 731-32.

We use a two-step analysis to determine whether an appellant was entitled to a lesser-included-offense instruction. *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). First, the lesser offense must be a lesser-included offense of the charged offense as defined by article 37.09 of the Code of Criminal Procedure. *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998); *see* Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006). Article 37.09 provides:

> An offense is a lesser included offense if:
>
> (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
>
> (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
>
> (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
>
> (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex. Code Crim. Proc. Ann. art. 37.09. Second, there must be some evidence in the record that would permit a jury to rationally find that if the appellant is guilty, he is guilty only of the lesser offense. *Hall*, 225 S.W.3d at 536; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); *Rousseau*, 855 S.W.2d at 672-73.

We begin with the first step in the lesser-included-offense analysis. The first step, determining whether an offense is a lesser-included offense of the charged offense, is a question of law. *Hall*, 225 S.W.3d at 535. It does not depend on the evidence produced at trial. *Id.* To determine if the lesser offense is a lesser-included offense of the charged offense, we instead compare the elements of the charged offense, as modified by the particular allegations in the indictment, against the elements of the lesser offense. *Wortham v. State*, 412 S.W.3d 552, 555 (Tex. Crim. App. 2013); *Hall*, 225 S.W.3d at 536.

> The indictment alleged that Loya:
>
> did then and there, with intent to damage or destroy a building located 200 West 2nd Ave, start a fire, or cause an explosion, by causing an electrical short circuit, and the said defendant was reckless about whether the burning or explosion would endanger the life of some individual or the property of another by igniting the sheets ….

The elements of arson, as modified by the indictment, are therefore:

(1) A person

(2) starts a fire, regardless of whether the fire continues after ignition, or causes an explosion

(3) with intent to destroy or damage any building and

(4) is reckless about whether the burning or explosion will endanger the life of some individual or the safety of the property of another.

*See* TEX. PENAL CODE ANN. § 28.02(a)(2)(F).

Loya requested, and the trial court denied, a lesser-included-offense instruction for the offense of arson under subsection 28.02(a-2) of the Penal Code, which is a state

jail felony. *See id.* § 28.02(a-2), (f). The elements for arson under subsection 28.02(a-2) are:

(1) A person

(2) intentionally

(3) starts a fire or causes an explosion

and, in doing so,

(4) recklessly

(5) damages or destroys a building belonging to another or causes another person to suffer bodily injury or death.

*See id.*

A comparison of these elements demonstrates that the first step of the lesser-included-offense analysis is not satisfied. Under the charged offense, the offense of arson is complete when the actor starts a fire with the intent to destroy or damage the building whether or not damage of any kind actually occurs. *See Beltran v. State*, 593 S.W.2d 688, 690 (Tex. Crim. App. [Panel Op.] 1980); *Mosher v. State*, 901 S.W.2d 547, 549-50 (Tex. App.—El Paso 1995, no pet.). Under subsection 28.02(a-2), however, the offense is not complete unless the person actually "damages or destroys a building belonging to another or causes another person to suffer bodily injury or death." TEX. PENAL CODE ANN. § 28.02(a-2). The elements of the arson under subsection 28.02(a-2) therefore require at least one element that the elements of the arson, as modified by the indictment, do not. Thus, the offense of arson under subsection 28.02(a-2) is not a lesser-included offense of the charged offense of arson according to article 37.09 of the

Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09. Because the first step of the lesser-included-offense analysis was not met, we need not discuss the second step. We overrule Loya's sole issue and affirm the trial court's judgment.


                                REX D. DAVIS
                                Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed February 19, 2015
Do not publish
[CR25]

